UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICHOLAS SEALS,

       Plaintiff,                       CIVIL ACTION NO. 10-CV-15054

vs.

                                      DISTRICT JUDGE LAWRENCE P. ZATKOFF

DEBRA SCUTT, et al.,               MAGISTRATE JUDGE MONA K. MAJZOUB

       Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION:** This Court recommends that Plaintiff's Motion for Voluntary Dismissal (docket no. 23) be **GRANTED** and Plaintiff's complaint be dismissed without prejudice.

In light of the above recommendation, Defendant Correctional Medical Services, Inc.'s Motion to Dismiss (docket no. 15) should be denied as moot without prejudice to the motion being reconsidered should the above recommendation not be adopted.

**II.    REPORT:**

This is a *pro se* civil rights action filed by a Michigan state prisoner pursuant to 42 U.S.C. § 1983 and state law. Plaintiff is presently incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan. He has named numerous prison officials, Prison Health Services, Correctional Medical Services, and Aetna Insurance Company as Defendants. Plaintiff sues Defendants in their individual and official capacities for declaratory and injunctive relief and damages. Presently before the Court is Plaintiff's Motion For Voluntary Dismissal Without Prejudice. (Docket no. 23). This matter has been referred for all pretrial purposes. (Docket no. 6).

The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(f). This motion is now ready for ruling.

Plaintiff filed the instant action on December 21, 2010. All Defendants except K. Nibbelink have returned an executed waiver of service. On March 7, 2011 Defendant Stevenson filed an answer to Plaintiff's complaint. (Docket no. 14). Defendant CMS filed a motion to dismiss on that same date. (Docket no. 15). Thereafter, Plaintiff filed the instant motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a), seeking voluntary dismissal of his complaint because he failed to exhaust his administrative remedies. (Docket no. 23).

Federal Rule of Civil Procedure 41(a)(1) provides that "the plaintiff may dismiss an action without a court order by filing; (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(i), (ii). The Court has no discretion to deny a voluntary dismissal so long as notice of the dismissal is filed before an answer or motion for summary judgment is served. *Aamot v. Kassel*, 1 F.3d 441, 443 (6th Cir.1993). Defendants Scutt, Clement, Murphy, Upston, Neff, Gardon, Edelman, Ives, Prisoner Health Services, Inc., Aetna Insurance Company, and Correctional Medical Services, Inc. have not yet filed answers to Plaintiff's complaint or motions for summary judgment. *See Aamot v. Kassel*, 1 F.3d at 444 (a Rule 12(b)(6) motion to dismiss does not qualify as a motion for summary judgment for purpose of voluntary dismissal under Rule 41(a)(1)(A)(i)). Accordingly, the Court should conclude that Plaintiff has voluntarily dismissed his suit without prejudice against Defendants Scutt, Clement, Murphy, Upston, Neff, Gardon, Edelman, Ives, Prisoner Health Services, Inc., Aetna Insurance Company, and Correctional Medical Services, Inc. pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

Defendant Stevenson has filed an answer to Plaintiff's complaint. Once a defendant has served an answer to the complaint or a motion for summary judgment, the plaintiff is required to seek an order of the court to voluntarily dismiss his suit. Fed.R.Civ.P. 41(a)(2). The court may grant a request for voluntary dismissal "on terms that the court considers proper." Fed.R.Civ.P. 41(a)(2). The decision whether to dismiss a complaint under Rule 41(a)(2) lies within the sound discretion of the court. *Banque de Depots v. Nat'l Bank of Detroit,* 491 F.2d 753, 757 (6th Cir.1974). An "abuse of discretion is found only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice." *Bridgeport Music, Inc. v. Universal-MCA Music Publ'g., Inc.*, 583 F.3d 948, 953 (6th Cir.2009) (citation omitted). To protect the interests of the nonmoving party, the court should consider "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id.* (citation omitted).

The court has the discretion to award costs and attorney's fees to the nonmoving party when a plaintiff voluntarily dismisses a suit without prejudice under Rule 41(a)(2). *Id*. at 954. Among the factors considered in determining whether to award defense costs under Rule 41(a)(2) are: (1) whether the plaintiff acted in good faith in bringing and prosecuting the litigation; (2) whether the defendant incurred substantial expenses in defending the action; (3) whether the plaintiff delayed in bringing the motion to dismiss; and (4) whether the work performed can be used in a subsequently filed action. *Yetman v. CSX Transp., Inc*., No. 08-1130, 2009 WL 35351, at *3 (W.D.Mich.,Jan. 6, 2009) (citation omitted).

Little more than three months have elapsed between the filing of Plaintiff's Complaint and

3

the filing of his voluntary motion to dismiss. The parties have not engaged in extensive discovery, and Plaintiff has appropriately justified his need for bringing the motion. Defendant Stevenson has not opposed the dismissal of this action or identified any prejudice that will result if the complaint is dismissed. Accordingly, Plaintiff's complaint against Defendant Stevenson should also be dismissed without prejudice. The Court should decline to award defense costs at this time.

## III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response

proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: April 20, 2011          s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE


### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Nicholas Seals and Counsel of Record on this date.

Dated: April 20, 2011          s/ Lisa C. Bartlett
                               Case Manager