**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

NICHOLAS SEALS,

          CIVIL ACTION NO. 10-15054

    Plaintiff,

vs.          HONORABLE LAWRENCE P. ZATKOFF

DEBRA SCUTT, et al.,          HONORABLE MONA K. MAJZOUB

    Defendants.   /

**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT
(DOCKET NO. 36)**

Plaintiff filed this *pro se* prisoner civil rights action on December 21, 2010 pursuant to 42 U.S.C. § 1983, alleging that Defendants failed to provide him with adequate medical care in violation of the Eighth Amendment. Several months later Plaintiff filed a voluntary motion to dismiss pursuant to Federal Rule of Civil Procedure 41(a) on the grounds that he had failed to exhaust his available administrative remedies. (Docket no. 23). The Court granted Plaintiff's motion on May 11, 2011 and dismissed the case without prejudice. (Docket no. 35). On January 14, 2013 Plaintiff filed the instant motion to amend his complaint. (Docket no. 36). Shortly thereafter, the Court reopened the case and entered an order referring all pretrial matters to the undersigned, presumably so that Plaintiff could file an amended complaint and restart this action. (Docket nos. 36, 37).

Federal Rule of Civil Procedure 15(a) provides that a "party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P.

15(a)(1)(A),(B). Otherwise "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Plaintiff states that he has now exhausted his medical claims and requests leave to file an amended complaint. The proposed amended complaint alleges violations possibly beginning in or around January 2008 and continuing through December 2012. The Sixth Circuit has held that Michigan's three-year statute of limitations for general personal injury claims found in Mich. Comp. Laws § 600.5805(10) is the applicable statute of limitations for § 1983 claims. *McCune v. Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988). As a general rule any claims falling outside the three-year statute of limitations period are time-barred and subject to dismissal. Plaintiff should draft his amended complaint with this limitations period in mind. The proposed amended complaint does allege that Plaintiff's rights have been violated within the past three years. Therefore, in the interest of justice, the Court will grant Plaintiff's motion.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to amend the complaint (docket no. 36) is **GRANTED**. Plaintiff must mail a copy of his amended complaint to the Court on or before June 7, 2013. The Court will then order the U.S. Marshal Service to serve a summons and copy of the amended complaint on each named Defendant in keeping with his previous *in forma pauperis* status.

## NOTICE TO PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: May 20, 2013          s/ Mona K. Majzoub  
                             MONA K. MAJZOUB  
                             UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Nicholas Seals and Counsel of Record on this date.

Dated: May 20, 2013          s/ Lisa C. Bartlett  
                             Case Manager