UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICHOLAS SEALS,

       Plaintiff,           CIVIL ACTION NO. 10-cv-15054

       v.                        DISTRICT JUDGE LAWRENCE P. ZATKOFF

DEBRA SCUTT, et al.,       MAGISTRATE JUDGE MONA K. MAJZOUB

       Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

For the reasons that follow, the undersigned recommends that Defendant Stevenson's Motion to Dismiss (Docket no. 46) be **DENIED** and that Defendant Prison Health Services, Inc.'s Motion to Dismiss (Docket no. 51) be **GRANTED**. The undersigned further recommends that Defendants Scutt, Gardon, Clement, Murphy, Upston, Neff, Edelman, Ives, Correctional Medical Services, Inc., and Aetna Insurance Company be dismissed from this action.

**II.    REPORT**

    **A.    Background**

Plaintiff Nicholas Seals filed this *pro se* prisoner civil rights action on December 21, 2010, pursuant to 42 U.S.C. § 1983, alleging that Defendants failed to provide him with adequate medical care in violation of the Eighth Amendment. (Docket no. 1.) A few months later, Plaintiff filed a Motion for Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a) on the grounds that he had failed to exhaust his available administrative remedies. (Docket no. 23.) The Court

granted Plaintiff's motion on May 11, 2011, and dismissed the case without prejudice. (Docket no. 35.) On January 14, 2013, Plaintiff filed a Motion to Amend his Complaint. (Docket no. 36.) Shortly thereafter, the Court reopened the case and entered an order referring all pretrial matters to the undersigned. (Docket no. 37.) The undersigned granted Plaintiff's Motion to Amend on May 20, 2013 (Docket no. 38), and Plaintiff filed his amended complaint on July 10, 2013 (Docket no. 42). Currently pending before the Court are Defendant Dr. Vernon Stevenson's Motion to Dismiss Pursuant to Federal Rule of Procedure 12(b)(6) (Docket no. 46) and Defendant Prison Health Services, Inc.'s Motion to Dismiss this Entity from this Action (Docket no. 51).[1]

### B.  Governing Law

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. The court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).

This acceptance of factual allegations as true, however, is inapplicable to legal conclusions: "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

---

[1]Also pending before the Court is Defendant Stevenson's Motion to Compel (Docket no. 49), which the undersigned has granted in a separate Opinion and Order issued contemporaneously with this Report and Recommendation.

do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal quotations and citations omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.

"Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* To make this determination, a court may apply the following two-part test: (1) "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth;" and (2) "assume [the] veracity [of the remaining allegations] and then determine whether they plausibly give rise to an entitlement to relief." *Id.*.

**C. Analysis**

*1. Defendant Stevenson's Motion to Dismiss*

Defendant Vernon Stevenson asserts that Plaintiff's claims are barred by the applicable statute of limitations. (*See* docket no. 46.) Federal courts apply state personal injury statutes of limitations to claims brought under § 1983. *Wilson v. Garcia*, 471 U.S. 261 (1985); *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005). For civil rights suits filed in Michigan, the statute of limitations is three years. Mich. Comp. Laws § 600.5805(8); *Carroll v. Wilkerson*, 782 F.2d 44, 44-45 (6th Cir. 1986). The statute of limitations is tolled during the period in which a prisoner is in the process of properly exhausting his available administrative remedies. *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000). The statute of limitations is not tolled, however, while a complaint that is later dismissed without prejudice is pending, as a dismissal without prejudice "leaves the situation the same as if the suit had never been brought. . . ." *Portman v. Wilson*, Civil Action No.

10-CV-169-KSF, 2010 WL 2870050, at *7 (E.D. Ky. Jul. 19, 2010) (quoting *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 27-28 (6th Cir. 1987) (citing *Bomer v. Ribicoff*, 304 F.2d 427, 428-429 (6th Cir. 1962.))).

In his amended complaint, dated July 10, 2013, Plaintiff claims that Defendant Stevenson was deliberately indifferent to Plaintiff's medical needs in violation of the Eighth Amendment when he ignored Plaintiff's pleas for medical intervention in "approximately mid 2008." (Docket no. 42 at ¶¶ 3, 10.) Defendant Stevenson argues that Plaintiff's allegation is time-barred under the three-year statute of limitations. (Docket no. 46 at 13.) Defendant Stevenson further argues that Plaintiff fails to allege any other misconduct against Defendant Stevenson occurring beyond mid-2008, which, thereby, warrants dismissal of Plaintiff's amended complaint against Defendant Stevenson for failure to state a claim upon which relief may be granted. (*Id*.) Defendant Stevenson is incorrect. Plaintiff alleges in paragraph 5 of his amended complaint that after implanting two stents near Plaintiff's heart,

> Specialists at Allegiance prescribed several medications and medical instructions to Defendants, including but not limited to pain medication; blood thinners and weekly blood testing by MDOC medical staff. Defendant Dr. Stevenson informed Plaintiff of the Specialist's mandates, but indicated no such instructions/mandates are available within the MDOC.

(Docket no. 42 at ¶5.) Plaintiff does not provide a specific date on which Defendant Stevenson's alleged conduct occurred, however, after a review of the complaint, it can be reasonably inferred that it took place upon or after Plaintiff's return to the G. Robert Cotton Correctional Facility after a two-week hospitalization allegedly beginning on or about March 13, 2009. (*Id*. at ¶¶ 4-5.) For purposes of the instant motion, the undersigned will find that Plaintiff's claim against Defendant Stevenson

for the conduct alleged in paragraph five of the amended complaint accrued on or about March 27, 2009.

Plaintiff reinitiated this action with the Court on January 14, 2013, by filing a Motion to Amend his original complaint. (Docket no. 36.) This is approximately 3 years and 10 months after Plaintiff's claim accrued against Defendant Stevenson. Thus, Defendant Stevenson's instant Motion to Dismiss turns on if and when the statute of limitations was tolled at any time between March 27, 2009, and January 14, 2013. Plaintiff filed his original complaint in this matter on December 21, 2010, which the Court dismissed without prejudice on May 11, 2011, so that Plaintiff could exhaust his available administrative remedies. The statute of limitations was not tolled while Plaintiff's original complaint was pending because the complaint was later dismissed. The statute did toll, however, while Plaintiff was exhausting his administrative remedies at the state level. Plaintiff's grievance documentation has not been filed with the Court, but for purposes of the instant motion, the undersigned will find that Plaintiff was exhausting his remedies from the date of dismissal, May 11, 2011, to the date that he filed the Motion to Amend his complaint, January 14, 2013. Thus, the clock on the statute of limitations ran continuously from March 27, 2009, through May 11, 2011, for a total of two years, one month, and 14 days, and has been tolled ever since. Plaintiff's claims against Defendant Stevenson are not time barred by the three-year statute of limitations.

Defendant Stevenson also asserts in passing that Plaintiff's amended complaint otherwise fails to state a claim against Defendant Stevenson upon which relief may be granted. (*See* docket no. 46.) Defendant Stevenson cites to the case law that governs a motion to dismiss pursuant to Rule 12(b)(6) at length, but provides no legal analysis to support his assertion. "It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on

its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir.1997) (citations omitted). The undersigned finds that Defendant Stevenson's brief is inadequate to show why he is entitled to dismissal in this regard. For the reasons stated above, the undersigned recommends that Defendant Stevenson's Motion to Dismiss be DENIED.

2.  *Defendant Prison Health Services, Inc.'s Motion to Dismiss*

Defendant Prison Health Services, Inc. (PHS) asserts that it should be dismissed from this matter pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff fails to state a claim against Defendant PHS in his amended complaint dated July 10, 2013. (*See* docket nos. 51 and 42.) The undersigned agrees. Defendant PHS was listed as a defendant in Plaintiff's original complaint dated December 21, 2010. (*See* docket no. 1.) Plaintiff's amended complaint, however, only lists three parties as defendants: Dr. Karl Nibbelink, Dr. Vernon Stevenson, and Dr. John Weeks. (Docket no. 42 at 4.) At no point in Plaintiff's amended complaint does he mention or make any assertions against Defendant PHS. Thus, the undersigned recommends that Defendant Prison Health Services, Inc.'s Motion to Dismiss be GRANTED and that it be dismissed from this action.

Similarly, Defendants Debra Scutt, B. Gardon, B. Clement, C. Murphy, B. Upston, A. Neff, A. Edelman, C. Ives, Correctional Medical Services, Inc., and Aetna Insurance Company were listed as parties in Plaintiff's original complaint, but have not been implicated in his amended complaint. Plaintiff actually sought the dismissal of most of the above-listed Defendants in his Motion to Amend his Complaint, except for Defendants Edelman and Correctional Medical Services, Inc. (Docket no. 36 at 4, n.2.) Pursuant to 28 U.S.C. § 1915, a court may, *sua sponte*, dismiss a civil action filed by a prisoner at any time if the court determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), or seeks monetary

relief against a defendant who is immune from such relief. Plaintiff has failed to state a claim against the above-named defendants in his amended complaint. Accordingly, the undersigned recommends that Defendants Debra Scutt, B. Gardon, B. Clement, C. Murphy, B. Upston, A. Neff, A. Edelman, C. Ives, Correctional Medical Services, Inc., and Aetna Insurance Company be dismissed from this action.

### D.     Conclusion

For the above-stated reasons, the undersigned recommends that the Court **DENY** Defendant Stevenson's Motion to Dismiss (Docket no. 46); **GRANT** Defendant Prison Health Services, Inc.'s Motion to Dismiss (Docket no. 51); and dismiss Defendants Scutt, Gardon, Clement, Murphy, Upston, Neff, Edelman, Ives, Correctional Medical Services, Inc., and Aetna Insurance Company from this action.

### REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *See Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the Local Rules of

the United States District Court for the Eastern District of Michigan, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


Dated: June 30, 2014        s/ Mona K. Majzoub
                                     MONA K. MAJZOUB
                                     UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Nicholas Seals and Counsel of Record on this date.

Dated: June 30, 2014        s/ Lisa C. Bartlett
                                     Case Manager