UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICHOLAS SEALS,

       Plaintiff,          CIVIL ACTION NO. 10-cv-15054

   v.                    DISTRICT JUDGE LAWRENCE P. ZATKOFF

DEBRA SCUTT, et al.,      MAGISTRATE JUDGE MONA K. MAJZOUB

       Defendants.
_____/

### OPINION AND ORDER GRANTING DEFENDANT STEVENSON'S MOTION TO COMPEL [49]

This matter comes before the Court on Defendant Dr. Vernon Stevenson's Motion to Compel Responses to First Request for Production of Documents. (Docket no. 49.) Plaintiff Nicholas Seals filed a response to Defendant Stevenson's Motion, Defendant Stevenson replied to Plaintiff's response, and Plaintiff responded to Defendant Stevenson's reply. (Docket nos. 52-54.) All pretrial matters have been referred to the undersigned for consideration. (Docket no. 37.) The Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

**I.    Background**

Plaintiff Nicholas Seals filed this *pro se* prisoner civil rights action on December 21, 2010, pursuant to 42 U.S.C. § 1983, alleging that Defendants failed to provide him with adequate medical care in violation of the Eighth Amendment. (Docket no. 1.) Four months later, Plaintiff filed a Motion for Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a) on the grounds that he had failed to exhaust his available administrative remedies. (Docket no. 23.) The Court

granted Plaintiff's motion on May 11, 2011, and dismissed the case without prejudice. (Docket no. 35.) On January 14, 2013, Plaintiff filed a Motion to Amend his complaint. (Docket no. 36.) Shortly thereafter, the Court reopened the case and entered an order referring all pretrial matters to the undersigned. (Docket no. 37.) The undersigned granted Plaintiff's Motion to Amend on May 20, 2013 (Docket no. 38) and Plaintiff filed his amended complaint with the Court on July 10, 2013 (Docket no. 42). Currently pending before the Court is Defendant Stevenson's Motion to Compel Responses to his First Request for Production of Documents.[1] (Docket no. 49.)

## II. Governing Law

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Parties may obtain discovery on any matter that is not privileged and is relevant to any party's claim or defense if it is reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. But the scope of discovery is not unlimited. "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

---

[1]Also pending before the Court are Defendant Stevenson's Motion to Dismiss Pursuant to Federal Rule of Procedure 12(b)(6) (Docket no. 46) and Defendant Prison Health Services, Inc.'s Motion to Dismiss this Entity from this Action (Docket no. 51) for which the undersigned has issued a Report and Recommendation contemporaneously with this Opinion and Order.

Rules 33 and 34 allow a party to serve interrogatories and requests for production of documents on an opposing party. Fed.R.Civ.P. 33, 34. A party receiving these types of discovery requests has thirty days to respond with answers or objections. Fed.R.Civ.P. 33(b)(2), 34(b)(2)(A). If the party receiving discovery requests under Rules 33 or 34 fails to respond properly, Rule 37 provides the party who sent the discovery the means to file a motion to compel. Fed.R.Civ.P. 37(a)(3)(B). If a court grants a Rule 37 motion to compel, or if discovery is received after a Rule 37 motion is filed, then the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust. Fed.R.Civ.P. 37(a)(5)(A).

**III. Analysis**

Defendant Stevenson served Plaintiff with his First Request for Production of Documents on October 9, 2013. (*See* docket no. 49-1.) Plaintiff did not object or respond; therefore, on January 7, 2014, Defendant Stevenson filed the instant Motion to Compel Plaintiff's response. (Docket no. 49.) Defendant Stevenson primarily seeks Plaintiff's medical records and argues that they are essential to his defense. (*Id*. at ¶ 4.) Plaintiff responded to the instant motion on February 12, 2014. (Docket no. 52.) In his response, Plaintiff alleged that he had not received Defendant Stevenson's First Request for Production of Documents until receipt of the Motion to Compel. (*Id*. at 1.) Plaintiff then asserted that he had since responded to Defendant Stevenson's discovery request, which rendered the Motion to Compel moot. (*Id*. at 2.) Defendant Stevenson replied to Plaintiff's response on March 3, 2014, and indicated that he still had not received Plaintiff's responses to his First Request for Production of Documents. (Docket no. 53 at ¶ 5.) Plaintiff responded to

-3-

Defendant Stevenson's reply on April 10, 2014, and asserted that he responded to Defendant Stevenson's discovery request on February 3, 2013, and attached as evidence a Michigan Department of Corrections (MDOC) Disbursement Authorization (Expedited Legal Mail - Prisoner) form, which is date stamped for February 5, 2014. (Docket no. 54.)

The Court grants Defendant Stevenson's Motion to Compel. Plaintiff has put his medical condition at issue in this case; his medical records are, therefore, relevant. The Court has reviewed the discovery requests and concludes that it has not seen any reason why Plaintiff should not be able to answer the requests or release his medical records. Despite stating that he has responded to Defendant Stevenson's First Request for Production of Documents, there is no indication that Plaintiff has done so, as the MDOC form that Plaintiff submitted as evidence does not indicate which documents, if any, were sent to Defendant Stevenson. Thus, the Court will order Plaintiff to respond to Defendant Stevenson's First Request for Production of Documents, without objection, within forty-five (45) days of this Opinion and Order.

**IT IS THEREFORE ORDERED** that Defendant Stevenson's Motion to Compel [49] is **GRANTED**. Plaintiff is ordered to provide full and complete responses to Defendant Stevenson's First Request for Production of Documents, without objection, within forty-five (45) days of this Opinion and Order.

### NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated:  June 30, 2014               s/ Mona K. Majzoub
                                            MONA K. MAJZOUB
                                            UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

     I hereby certify that a copy of this Order was served upon Nicholas Seals and Counsel of Record on this date.

Dated:  June 30, 2014               s/ Lisa C. Bartlett
                                            Case Manager