UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICHOLAS SEALS,

        Plaintiff,                CIVIL ACTION NO. 10-cv-15054

     v.                              DISTRICT JUDGE VICTORIA A. ROBERTS

DEBRA SCUTT, et al.,          MAGISTRATE JUDGE MONA K. MAJZOUB

        Defendants.
_____/

## ORDER DENYING PLAINTIFF'S RENEWED MOTION
## FOR APPOINTMENT OF COUNSEL [101]

Plaintiff Nicholas Seals initiated this *pro se* prisoner civil rights action on December 21, 2010, pursuant to 42 U.S.C. § 1983, alleging that Defendants failed to provide him with adequate medical care in violation of the Eighth Amendment.[1] (Docket no. 1.) Before the Court is Plaintiff's Renewed Motion for Appointment of Counsel, which he filed on June 22, 2016.[2] (Docket no. 101.) Plaintiff asks the Court to appoint counsel because he is unable to afford counsel or the assistance of "jail house lawyers," the issues of this case are complex, he has limited access to legal materials, he has little to no knowledge of the law, he has a limited ability to investigate the facts of this matter, and "the ends of justice would be best served in this case if an attorney was appointed to represent the Plaintiff." (*Id*. at 2-3.)

Appointment of counsel for prisoners proceeding *in forma pauperis* is governed by 28 U.S.C. § 1915, which states that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Sixth Circuit has stated:

---

[1] Defendant Stevenson is the only remaining defendant in this matter.
[2] Plaintiff filed his first Motion for Appointment of Counsel on December 21, 2010 (docket no. 3), which the Court denied on February 18, 2011 (docket no. 10).

> Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances. In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved.

*Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993) (internal quotation marks and citations omitted). *See also Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996) (quoting Charles R. Richey, Prisoner Litigation in the United States Courts 75 (1995) ("'Prisoners have no statutory right to counsel in civil rights cases. Instead, the appointment of counsel is within the court's discretion.'")).

Again, the Court declines to exercise its discretion to appoint counsel to represent Plaintiff. As the Court previously found, "Plaintiff has adequately alleged the claims forming the basis of this § 1983 lawsuit indicating his basic understanding of the legal process." (Docket no. 10 at 2.) Moreover, since the Court denied Plaintiff's first Motion for Appointment of Counsel on February 18, 2011, there has not been, and Plaintiff has not alleged, a change in circumstances that would warrant the appointment of counsel at this juncture. Should Plaintiff survive the dispositive motion stage and then file another motion for appointment of counsel, the Court will at that time revisit his request. *Garrison v. Kranz*, No. 10-14259, 2011 WL 3440757, at *2 (E.D. Mich. Aug. 5, 2011) (Ludington, J.) ("[I]t is the practice of th[e] [c]ourt to defer any attempt to obtain counsel for pro se plaintiffs until after motions to dismiss or motions for summary judgment have been denied."). In the meantime, Plaintiff is required to abide by all impending deadlines in this matter; specifically, Plaintiff's Response to Defendant Stevenson's Motion for Summary Judgment (docket no. 94) must be filed with the Court by July 25, 2016.

**IT IS THEREFORE ORDERED** that Plaintiff's Renewed Motion for Appointment of Counsel (docket no. 101) is **DENIED** without prejudice.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: June 23, 2016        s/ Mona K. Majzoub
                            MONA K. MAJZOUB
                            UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Plaintiff and Counsel of Record on this date.

Dated: June 23, 2016        s/ Lisa C. Bartlett
                            Case Manager