UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICHOLAS SEALS,

    Plaintiff,

vs                                                   Case No: 10-15054
                                                   Honorable Victoria A. Roberts

VERNON STEVENSON, M.D.,

    Defendant.
_____/

**ORDER:**

    **(1)    ADOPTING REPORT AND RECOMMENDATION;**

    **(2)    GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT;**

    **(3)    DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT;**

    **(4)    DEEMING MOOT PLAINTIFF'S MOTION FOR EXPERT TO BE ASSIGNED TO THE CASE; AND**

    **(5)    DENYING MOTION FOR *DE NOVO* REVIEW.**

On August 23, 2016, Magistrate Judge Mona Majzoub filed a Report and Recommendation ("R&R"), recommending that the Court grant Defendant Vernon Stevenson, M.D.'s ("Stevenson") Motion for Summary Judgment. Magistrate Judge Majzoub also recommended that Plaintiff Nicholas Seals' ("Seals") Motion for Summary Judgment be denied, and Plaintiff's Motion for Expert To Be Assigned to the Case be denied as moot.

Under 28 U.S.C. § 636(b)(1)(B), a Magistrate Judge's recommendations

1

regarding dispositive matters are reviewed *de novo*. The referring judge may accept, reject, or modify, in whole or in part, the findings or recommendations to which objection is made. 28 U.S.C. § 636(b).

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995). The moving party bears the initial burden to show that there is no genuine issue of material fact. *Snyder v AG Trucking, Co.*, 57 F.3d 484, 488 (6th Cir. 1995). Once the moving party meets this burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, (1986).

Seals filed four objections:

(1) The Magistrate Judge inaccurately determined Seals' treatment by Stevenson;

(2) The medical expert's opinion was unsigned and that lack of signature presented a genuine issue of fact;

(3) The Magistrate Judge erroneously concluded Stevenson provided proper medical follow-up care; and

(4) The Magistrate Judge erroneously concluded no further expert opinions were needed.

A careful review of the underlying record, the recitation of facts and law by the Magistrate Judge in her report and recommendation, as well as Seals' objections, leads this Court to conclude there are no genuine issues of fact for trial, and that the Magistrate Judge correctly found in favor of Defendant.

In a separate motion, Seals contends that he was prevented from receiving Stevenson's Motion for Summary Judgment, and was not able to respond to it. He asks the Court to defer review of the motion and appoint him a lawyer. Contrary to what Seals claims, the record show he responded to Stevenson's Motion for Summary Judgment. In his response, Seals makes reference to Stevenson's Motion fo Summary Judgment. The Magistrate Judge also considered Seals' response in making her determination.

Because the Magistrate Judge's R&R is adopted and Seals was not prejudiced in the proceeding, the Court **DENIES** Seals' Motion to Defer *De Novo* Review. Seals' request for an attorney is **DENIED**.

The Court **ADOPTS** the Report and Recommendation and **GRANTS** Defendant's Motion for Summary Judgment; **DENIES** Plaintiff's motion for Summary Judgment; and deems Plaintiff's Motion for Expert to Be Assigned to the Case **MOOT**. Judgment will enter in favor of Defendant. This case is closed.

**IT IS ORDERED.**

　　　　　　　　　　　　　　　　　　　　 /s/ Victoria A. Roberts  
　　　　　　　　　　　　　　　　　　　Victoria A. Robert  
　　　　　　　　　　　　　　　　　　　United States District Judge

Dated: November 2, 2016

The undersigned certifies that a copy of this document was served on the attorneys of record and Nicolas Seals by electronic means or U.S. Mail on November 2, 2016.

s/Linda Vertriest  
Deputy Clerk